IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAKENYA K. MONFORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| CKCG HEALTH CARE SERVICES, ) | |
| INC. and INFORMATION ON ) | JURY TRIAL DEMANDED |
| DEMAND, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff LaKenya K. Monfort respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Monfort is an individual and a resident of the State of Georgia who resides in this District and this Division. Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant CKCG Health Care Services, Inc. ("CKCG") is a corporation organized and existing under the laws of the State of Georgia. CKCG is subject to the jurisdiction of this Court and may be served

with process by serving its registered agent, Samuel Oburota, 5995 Oakbrook Parkway, Suite B, Norcross, Georgia 30093.

3. Defendant Information on Demand, Inc. ("IOD") is a corporation organized and existing under the laws of the State of Georgia. IOD is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, David Christensen, at 59 Low Creek Lane, Blairsville, Georgia 30512.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and this Division pursuant to Local Rule 3.1B(3).

Factual Background

6. In December 2018, Ms. Monfort applied for a job with CKCG, which is a company that provides home care and nursing services for senior adults and children, among other things.

7. On December 19, 2018, Ms. Monfort had an interview with CKCG. At the interview, she was given an examination, which she passed with a score of 89%.

8. At the conclusion of the interview, Ms. Monfort was offered a job with CKCG, contingent upon passing a background check. Thus, CKCG had a permissible purpose to conduct a background check on Ms. Monfort, *i.e.* obtain a consumer report on Ms. Monfort, under 15 U.S.C. § 1681b(a)(3)(B).

9. Sometime after December 19, 2018, CKCG retained Defendant IOD to conduct a background check on Ms. Monfort. IOD is a consumer reporting agency under 15 U.S.C. § 1681a(f).

10. Sometime prior to December 31, 2018, IOD completed its background check on Ms. Monfort and sold it to CKCG. That background check was a consumer report under 15 U.S.C. § 1681a(d).

11. On December 31, 2018, Ms. Monfort called CKCG to ask when she could begin work.

12. On that telephone call, Ms. Monfort was told that (i) CKCG had retained IOD to conduct a background check on her, (ii) the IOD background check showed that she had a felony conviction for cruelty to children in

Dekalb County, Georgia and (iii) based on the information contained in the background check conducted by IOD, CKCG could not hire Ms. Monfort.

13. CKCG's decision not to hire Ms. Monfort based on the content of the IOD background check constituted adverse action against Ms. Monfort.

14. Prior to taking that adverse action against Ms. Monfort, CKCG did not provide Ms. Monfort with "pre-adverse action notice" in compliance with 15 U.S.C. § 1681b(b)(3). Specifically, CKCG did not provide Ms. Monfort with a copy of the background check that IOD prepared, the statutorily-required summary of rights under the FCRA, notice that it, CKCG, may take adverse action against her, and CKCG did not wait at least five days before taking adverse action against Ms. Monfort.

15. CKCG knew or should known of its obligations under 15 U.S.C. § 1681b(b)(3), and its failure to comply with those obligations was negligent or, in the alternative, reckless and willful.

16. Furthermore, the background check that IOD prepared regarding Ms. Monfort contained inaccurate information. Ms. Monfort has never been convicted of a felony in Dekalb County or anywhere else.

17. IOD negligently or recklessly and willfully violated 15 U.S.C. § 1681e(b) by failing to maintain and follow reasonable procedures to assure

maximum possible accuracy of the information contained in the background check it prepared on Ms. Monfort, to wit:

    a.    IOD failed to insure that the information set forth in the consumer report it prepared on Ms. Monfort accurately reflected the information maintained on the public records in Dekalb County.

    b.    Upon information and belief, IOD failed to insure that the consumer report it prepared on Ms. Monfort distinguished between (i) the crime that Ms. Monfort was originally charged with and (ii) the crime to which she later pled guilty.

    c.    IOD failed to insure that the IOD employee or contractor who prepared the consumer report on Ms. Monfort actually read and/or reported the entirety of the applicable record on Ms. Monfort. Indeed, if IOD's employee or contractor had bothered to read to the bottom of Ms. Monfort's publicly-available record in Dekalb County, it would have been clear that Ms. Monfort was not convicted of a felony.

18.    Furthermore, the IOD background check was furnished for employment purposes, reported information about Ms. Monfort that was a matter of public record and was likely to have an adverse effect upon Ms. Monfort's ability to obtain employment with CKCG.

19. Despite the facts alleged in the preceding Paragraph, IOD failed to (i) notify Ms. Monfort that IOD was reporting such adverse public record information to CKCG or (ii) maintain strict procedures to insure that the adverse public record information contained in the IOD background report was complete and up to date, in violation of 15 U.S.C. § 1681k.

20. After speaking with CKCG, Ms. Monfort contacted IOD and requested, in writing, a full file disclosure pursuant to 15 U.S.C. § 1681g.

21. IOD did not acknowledge Ms. Monfort's written request for a full file disclosure and did not provide her with a full file disclosure in violation of 15 U.S.C. § 1681g.

22. Because IOD is a consumer reporting agency, it has or should have knowledge of its obligations under 15 U.S.C. §§ 1681e(b), 1681k and 1681g and its failure to comply with those statutes was negligent, or in the alternative, reckless and willful.

23. As a proximate result of CKCG's and IOD's negligent and/or reckless and willful violations of the FCRA, Ms. Monfort has suffered actual damages, including without limitation, (i) the loss of employment with and compensation from CKGC and (ii) emotional distress such as anxiety, feelings of despair and hopelessness, humiliation and embarrassment.

Count 1 – Violation of 15 U.S.C. § 1681e(b) against IOD

24. The consumer report that IOD prepared about Ms. Monfort for CKCG was inaccurate for reasons described in Paragraphs 16-17 above.

25. IOD negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer report it prepared on Ms. Monfort, as alleged in Paragraph 17 above.

26. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

27. In the alternative and as a result of IOD's reckless and willful violations of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

28. As a result of IOD's reckless and willful violations of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

29. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 2 – Violation of 15 U.S.C. § 1681g against IOD

30. IOD negligently or recklessly and willfully violated 15 U.S.C. § 1681g by failing to provide Ms. Monfort with her full file disclosure as alleged in Paragraphs 20-21 above.

31. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

32. In the alternative and as a result of IOD's reckless and willful violations of 15 U.S.C. § 1681g, Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

33. As a result of IOD's reckless and willful violations of 15 U.S.C. § 1681g, Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

34. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 3 – Violation of 15 U.S.C. § 1681k against IOD

35. IOD negligently or recklessly and willfully violated 15 U.S.C. § 1681k as alleged in Paragraphs 18-19 above.

36. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

37. In the alternative and as a result of IOD's reckless and willful violations of 15 U.S.C. § 1681k, Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

38. As a result of IOD's reckless and willful violations of 15 U.S.C. § 1681k, Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

39. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

Count 4 – Violation of 15 U.S.C. § 1681b(b)(3) against CKCG

40.     CKCG negligently or, in the alternative, recklessly and willfully violated 15 U.S.C. § 1681b(b)(3), as alleged in Paragraphs 11-15 above.

41.     As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

42.     In the alternative and as a result of CKCG's reckless and willful violations of 15 U.S.C. § 1681b(b)(3), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

43.     As a result of CKCG's reckless and willful violations of 15 U.S.C. § 1681b(b)(3), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

44.     Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1.      Issue process to the Defendants;

2.     Conduct a trial by jury of all claims asserted herein;

3.     Enter judgment in favor of Ms. Monfort as consistent with the jury's verdict; and

4.     Grant Ms. Monfort such other and further relief as it deems just and necessary.

This 20th day of January, 2019.

**MCRAE BERTSCHI & COLE LLC**  /s/ *Craig E. Bertschi*
Suite 200, 1350 Center Drive      Craig E. Bertschi
Dunwoody, Georgia 30338           Georgia Bar No. 055739
                                  ceb@mcraebertschi.com
                                  678.999.1102

                                  Charles J. Cole
                                  Georgia Bar No. 176704
                                  cjc@mcraebertschi.com
                                  678.999.1105

                                  *Counsel for Plaintiff*