IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKENYA K. MONFORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:19-cv-00354-MLB-RGV |
| CKCG HEALTH CARE SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56.1, Plaintiff LaKenya K. Monfort submits the following brief in support of her Motion for Partial Summary Judgment:

I. INTRODUCTION

This is a Fair Credit Reporting Act ("FCRA") case. In December 2018, Defendant CKCG Healthcare Services, Inc. obtained a consumer report (in the form of a criminal background check) on Ms. Monfort from a company called Information On Demand, Inc. ("IOD"), which was formerly a defendant in this case. By its own admission, Defendant did not have a permissible purpose to obtain a consumer report on Ms. Monfort, and thereby violated 15 U.S.C. 1681b(f) as a matter of law.

- 1 -

To make matters worse, Defendant obtained Ms. Monfort's background check from IOD under false pretenses. The undisputed evidence of record shows that, in its contract with IOD, Defendant agreed (1) that the background checks it obtained were "consumer reports," (2) that those consumer reports would be used for "employment purposes" only, and (3) that when using those consumer reports, Defendant would comply with all requirements of the FCRA, including the pre-adverse action notice requirements set forth in 15 U.S.C. § 1681b(b)(3). However, Defendant complied with none of these requirements with respect to Ms. Monfort and, by its own admission, had no intention of doing so. These facts establish that Defendant's violation of the FCRA was knowing, intentional and, therefore, willful.[1] As a result, the only issue that remains to be tried is the amount of Ms. Monfort's damages.

## II.   STATEMENT OF FACTS

Ms. Monfort is a home healthcare worker. Declaration of LaKenya K. Monfort (the "Monfort Declaration"), ¶ 2. On December 20, 2018, Ms. Monfort applied for a job as a personal care assistant with Defendant, which is a home healthcare agency located in Norcross, Georgia. *Id.*; Excerpts from the Deposition

---

[1] By obtaining Ms. Monfort's background check under false pretenses, Defendant also arguably violated 15 U.S.C. § 1681q. That statute is not at issue in this case because it imposes *criminal*, not civil, liability for willfully obtaining a consumer report under false pretenses.

of Tamara A. Drumm (the "Drumm Depo."), pp. 58-59 and Exhibit 19.[2] Based on the documentation that she signed at the time, it is undisputed that Ms. Monfort applied for a position as an independent contractor with Defendant. Drumm Depo., p. 48 and Exhibits 10 and 11.

That same day, Defendant purchased a criminal background check on Ms. Monfort from IOD. IOD describes itself as providing "pre-employment screening" services to its clients, and the background check that IOD prepared and sold to Defendant contained Ms. Monfort's criminal history, demographic data and personal identifying information. Drumm Depo., Exhibit 14; https://informationondemand.net/.[3]

The relationship between Defendant and IOD is contractual and is governed by a document called the Background Services Agreement (the "BSA"). *Id.*, Exhibit 1; Declaration of David Christensen (the "Christensen Dec."), ¶¶ 4-6 and pp. 4-18 (IOD000001-15). Under the BSA, IOD agreed to provide Defendant with background checks[4] to be used (1) for "employment purposes" *only* and (2) in strict compliance with the FCRA. For example, under the BSA:

---

[2] Excerpts from the Drumm Depo. are filed as Exhibit A to this Brief.

[3] Last accessed September 23, 2019 at 9:53 AM.

[4] Under the BSA, the background checks that IOD sold to Defendant are referred to as "Information On Demand Services."

- Defendant acknowledged that the background checks it obtained from IOD "are being purchased for employment purposes only and will be used for the purpose of evaluating the subject ("Consumer") for employment, promotion, reassignment, or retention as an employee ("Employment Purposes")." Drumm Depo., Exhibit 1, p. 2, Paragraph 3(b) (red typeface added).

- Defendant agreed that use of the background checks it obtained from IOD "for any purpose other than Employment Purposes is PROHIBITED." *Id.*, Paragraph 3(b) (capitalization in original) (red typeface added).

- Defendant acknowledged that "in ordering and using" background checks from IOD "for employment purposes," it understood its obligations under the "Fair Credit Reporting Act." *Id.*, Paragraph 3(b)(i) (red typeface added).

- Defendant verified that "[p]rior to ordering" background checks from IOD "it has given a clear and conspicuous disclosure to the Consumer, in a document that consists solely of the disclosure, that [Defendant] is obtaining a Consumer Report on the Consumer for employment purposes; and that the Consumer has authorized [Defendant] in writing to obtain the Consumer Report for such purposes." *Id.*, Paragraph 3(b)(iii) (red typeface added).

- Defendant agreed that "[p]rior to taking any adverse action based in whole or in part on such Consumer Report, [Defendant] will provide the Consumer with a copy of the Consumer Report, and a description in writing of the rights of the Consumer under the FCRA in the form published by the Federal Trade Commission …."*Id.*, Paragraph 3(b)(iii) (red typeface added).

- Defendant also agreed that "with each order of a Consumer Report for employment purposes," Defendant would recertify its compliance with the FCRA. *Id.*, p. 3, Paragraph 3(b)(iii) (red typeface added).

Consistent with the obligations described above, each time Defendant purchased a background check from IOD, it (Defendant) was required to complete an order form that contained "Terms and Conditions" obligating Defendant to

comply with the FCRA. *Id.*, Exhibit 2; Christensen Dec., Exhibit A, pp. 18-19. For example, with each order of a background check from IOD, Defendant certified:

- "… that any reports procured will be used for employment or tenant screening purposes only pursuant to FCRA Section 604(a)(3)(B)." Christensen Dec., p. 19-20 (IOD00016-17) (red typeface added).

- "… that prior to procuring said report, a clear and conspicuous disclosure has been made to the applicant, in a document consisting only of said disclosure, that a report might be obtained for employment purposes AND that the applicant has authorized, in writing, the procurement of said report."[5] . *Id.* (red typeface added).

- "…that prior to taking any adverse action, based in whole or in part upon said report, you will provide to the applicant a copy of the report and the Federal Trade Commission's publication, A Summary of Your Rights Under the Fair Credit Reporting Act." *Id.* (red typeface added).

The facts regarding what happened next are in dispute. Ms. Monfort contends that her job application was rejected by Defendant based on the content of the background check that Defendant obtained from IOD. Monfort Dec., ¶ 6. Defendant contends otherwise, alleging, in the alternative, that Ms. Monfort voluntarily discontinued seeking a job with Defendant, failed to provide proof she had passed tuberculosis screening, etc. *See, e.g.*, Defendant's Answer, ¶ 14; Drumm Depo., pp. 61.

---

[5] To facilitate Defendant's compliance with this requirement, IOD provided a form to be used by Defendant when complying with the disclosure and authorization requirements imposed by the FCRA. Christensen Dec., p. 24 (IOD000021).

Significantly, the disputed facts described above are not material to Ms. Monfort's current Motion, which pertains only to Ms. Monfort's claim that Defendant violated her rights under 15 U.S.C. § 1681b(f) by obtaining a consumer report on her without a permissible purpose. The facts supporting that claim are undisputed.

### III.    ARGUMENT AND CITATION OF AUTHORITIES

The summary judgment standard under Rule 56 is well-known to the Court and warrants only brief mention here. *See, e.g., Austin v. IKEA U.S. East, LLC,* No. 1:16-CV-03728-TWT-CMS, 2018 U.S. Dist. LEXIS 124776 at *9-10 (N.D. Ga. July 6, 2018). As the moving party, Ms. Monfort is required to demonstrate the absence of "genuine issues of material fact" and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In this case, there are no disputed facts regarding Ms. Mofort's claim that Defendant violated 15 U.S.C. § 1681b(f). The only dispute is the legal significance of admitted facts. Summary judgment is appropriate when the parties dispute only the legal significance of material facts. *Lawrence v. American IRA, LLC*, No. 1:12-CV-2209-JSA, 2014 U.S. Dist. LEXIS 197320 at *4 (N.D. Ga. November 26, 2014).

A.    <u>Defendant obtained a "consumer report" on Ms. Monfort.</u>

The undisputed evidence of record shows that the criminal background check that Defendant obtained from IOD was a consumer report under the FCRA.

In its contract with IOD, Defendant expressly acknowledged: (1) that the background checks it purchased from IOD were to be used "for employment purposes" only (2) that any other use of those background checks was "PROHIBITED," (3) that the background checks were "Consumer Reports," and (4) that it (Defendant) would comply with all applicable provisions of the FCRA when using those background checks, including the requirements of disclosure, authorization and pre-adverse action.  Drumm Depo., Exhibit 1, p. 2, Paragraphs 3(b), 3(b)(i) and 3(b)(iii); *see also* 15 U.S.C. §§ 1681b(b)(2) and 1681b(b)(3).  Thus, the background check at issue in this case clearly satisfies all requirements of the definition of "consumer report" set forth in 15 U.S.C. § 1681a(b).

B.  <u>Defendant did not have a permissible purpose to obtain a consumer report on Ms. Monfort.</u>

In order to protect consumers' privacy rights, Congress structured the FCRA to include an elaborate set of interlocking provisions that restrict access to and dissemination of consumer reports.  Under 15 U.S.C. § 1618b(a), consumer reporting agencies, like IOD, may not furnish a consumer report to a third-party unless that third-party has one of the statutorily-prescribed "permissible purposes."  In complementary fashion, 15 U.S.C. § 1681b(f) prohibits third-parties, such as Defendant, from obtaining consumer reports unless they have a permissible purpose to do so.

Based on the language of the BSA, Defendant was required to use the background checks that it obtained from IOD for "employment purposes," which is a "permissible purpose" under the FCRA.  *See* 15 U.S.C. § 1681b(a)(3) ("consumer reporting agency may furnish a consumer report under the following circumstances and no other: … (3) To a person which it has reason to believe - … (B) intends to use the information for employment purposes … .").  However, contrary to its contract with IOD and its obligations under the FCRA, Defendant did *not* did not use Ms. Monfort's report for employment purposes.  Under the "clear" language of the statute, the FCRA does not apply to "persons seeking positions as independent contractors."  *Walker v. Realhome Services and Solutions, Inc.*, No. 1:18-CV-03044-WMR-WEJ, 2019 U.S. Dist. LEXIS 45175 at *20-*21 (N.D. Ga. January 28, 2019).  Therefore, because Ms. Monfort was applying for a position as an independent contractor, and not as an employee, Defendant did not have a permissible purpose to obtain a consumer report on her and violated 15 U.S.C. § 1681b(f) when it did so.

C.  <u>Defendant willfully violated Ms. Monfort's rights under 15 U.S.C. § 1681b(f).</u>

In *Safeco Insurance Company of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court held that liability under 15 U.S.C. § 1681n(a) for "willfully fail[ing] to comply" with the FCRA extends not only to acts known to violate the FCRA but to the reckless disregard of a statutory duty.  *Id*. at 57.  In the context of the FCRA,

"[r]ecklessness means 'conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Marchisio v. Carrington Mortgage Services, LLC*, No. 17-10584, 2019 U.S. App. LEXIS 8813 at *22 (11th Cir. March 25, 2019), quoting *Safeco*, 551 U.S. at 68.

Based on the foregoing standard, there is sufficient evidence of record for the Court to hold that Defendant willfully violated 15 U.S.C. § 1681b(f) as a matter of law. Under the express provisions of the BSA, Defendant was unquestionably aware of the facts that (1) the background checks it purchased from IOD were "consumer reports" and (2) those reports were only to be used for "employment purposes," which is a permissible purpose. Drumm Depo., Exhibit 1, p. 2, Paragraphs 3(b), 3(b)(i) and 3(b)(iii). Nevertheless, in defiance of its obligations under its contract with IOD and in knowing violation of the "clear" language of the FCRA, Defendant obtained an IOD background check on Ms. Monfort, who was applying for a position as an independent contractor, not an employee.

The evidence of record also establishes that Defendant recklessly violated the FCRA by failing to maintain proper internal controls to ensure compliance with the statute. For example, Defendant's 30(b)(6) witness admitted that Defendant does not maintain policies and procedures (written or unwritten) for compliance with the FCRA. Drumm Depo., pp. 27-29. Furthermore, Defendant's Human Resources Manager, who is responsible for FCRA compliance, has no

training in either human resources or the FCRA. *Id.*, p. 21. Failure to maintain procedures to comply with the law and/or put competent personnel in charge of compliance is the essence of reckless, which is precisely what occurred in this case.

## IV.   CONCLUSION

In light of the foregoing, Ms. Monfort respectfully requests that the Court grant her Motion for Partial Summary Judgment.

This 23rd day of September, 2019.

**MCRAE BERTSCHI & COLE LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338

*/s/ Craig E. Bertschi*
Craig E. Bertschi
Georgia Bar No. 055739
ceb@mcraebertschi.com
678.999.1102

Charles J. Cole
Georgia Bar No. 176704
cjc@mcraebertschi.com
678.999.1105

*Counsel for Plaintiff*